# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**WALDRON, LLC**

and

**SILKPAINT CORPORATION**
                Plaintiffs,

Case No. 5:17-cv-6084

v.

**GLOBAL SUGAR ART, LLC,**

                Defendant.

## COMPLAINT

This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*, counterfeiting, trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair competition under Missouri common law and breach of contract.

### The Parties, Jurisdiction, and Venue

1.      Plaintiff Waldron, LLC d/b/a SugarVeil Products ("Waldron") is a limited liability company organized under the laws of Missouri, with its principal place of business at 18220 Waldron Drive, Waldron, Missouri  64092.

2.      Plaintiff Silkpaint Corporation ("Silkpaint") is a corporation organized under the laws of Missouri, with its principal place of business at 18220 Waldron Drive, Waldron, Missouri  64092.

3.	Waldron and Silkpaint are related companies and are referred to collectively throughout this Complaint as "Plaintiff."

4.	Upon information and belief, Defendant Global Sugar Art, LLC is a limited liability company organized under the laws of New York with its principal place of business 126 Beekman Street, Plattsburgh, New York 12901.

5.	This Court has subject matter jurisdiction over the copyright and Lanham Act causes of action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and 15 U.S.C. § 1121, and over the Missouri common-law cause of action pursuant to 28 U.S.C. 1338(b) and 28 U.S.C. § 1367.

6.	This Court also has personal jurisdiction over the Defendant. Upon information and belief, Defendant owns and operates a website that advertises and sells Defendant's goods to residents of Missouri and throughout this judicial district. Thus, upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Missouri long-arm statute, due to at least the Defendant's transaction of business within Missouri.

7.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because, upon information and belief, a substantial part of the events giving rise to the claim occurred in this judicial district and because Defendant is subject to personal jurisdiction in this judicial district.

8.	Venue is also proper in this judicial district because Plaintiff and Defendant were parties to a 2011 Non-Exclusive Distribution Agreement (the "Agreement") that expressly provides for Missouri law, venue and jurisdiction.  Specifically, as part of the

Agreement, the parties expressly submitted to and accepted that any legal action or proceeding with respect to the Agreement would be resolved under Missouri law and in the Missouri courts. Plaintiff alleges in this Complaint that Defendant breached the Agreement and therefore Missouri law, venue and jurisdiction apply.

## BACKGROUND TO THE CONTROVERSY

9. For more than a decade, Plaintiff has been in the confectionery products business, designing, creating, manufacturing, advertising and selling a wide range of products, including its popular SUGARVEIL® branded edible icing and silicone mats used with the edible icing to create edible cake and confectionary decorations ("SugarVeil® Goods").

10. On information and belief, Defendant advertises and sells a variety of cake and confectionary decorating products, including through Defendant's website at www.globalsugarart.com ("Defendant's Website").

11. Plaintiff owns U.S. Trademark Registration No. 4166928, issued by the United States Patent & Trademark Office ("USPTO") on July 3, 2012. for the SUGARVEIL® Mark covering "scrapers for bowls and scrapers for icing and fondant; icing and fondant combs and smoothers in the nature of icing brushes; icing dispensers and *silicone mats for use in forming icing into food decorations*" (the "928 Registration") (emphasis added). A copy of the '928 Registration is attached as Exhibit A.

12. The '928 Registration entitles Plaintiff to exclusive nationwide use of the SUGARVEIL® Mark in the United States in connection with silicone mats used for food

3

decoration, among other goods, and further is *prima facie* evidence of the SUGARVEIL® Mark's validity and Plaintiff's ownership thereof.

13.     In or about May 2011, Plaintiff and Defendant entered into the Agreement that provided for Defendant to distribute Plaintiff's SugarVeil® Goods, including Plaintiff's SUGARVEIL® silicone mats ("SugarVeil® Mats").

14.     One of the SugarVeil® Mats is the "Flower Net Mat," identified in and covered by U.S. Copyright Registration No. 1-861-512 ("Flower Net Mat").  A copy of U.S. Copyright Registration No. 1-861-512 for the Flower Net Mat is attached as Exhibit B.

15.     Section 3.2 of the Agreement required that Defendant use its best efforts to market and promote the SugarVeil® Goods.

16.     The Agreement prohibited Defendant from using the SugarVeil® Goods and the SUGARVEIL® trademark ("SUGARVEIL® Mark") except as expressly permitted in the Agreement.

17.     Section 5 of the Agreement further prohibited Defendant from removing, altering or otherwise modifying the SugarVeil® Goods and any copyright, trademark or other notices of proprietary interest on the SugarVeil® Goods packaging.

18.     In or about late July 2017, Plaintiff discovered that Defendant was selling silicone mats for decorative icing that were direct copies of and infringed the Flower Net Mat.

19.     Specifically, Plaintiff discovered that Defendant was selling silicone mats under the name "Floral Net" on and through Amazon.com that infringed U.S. Copyright

4

Registration No. 1-861-512 for Plaintiff's Flower Net Mat ("Defendant's Infringing Mats").

20.     In or about late July 2017, Plaintiff ordered Defendant's Infringing Mats from Amazon.com.

21.     Upon receipt and inspection of Defendant's Infringing Mats, Plaintiff discovered that Defendant was using Plaintiff's federally registered SUGARVEIL® Mark in connection with Defendant's Infringing Mats.

22.     Upon receipt and further inspection of Defendant's Infringing Mats, Plaintiff also discovered that Defendant's Infringing Mats appeared to have been directly copied from Plaintiff's Flower Net Mat because Plaintiff's copyright ownership, though partially removed, was still visible on Defendant's Infringing Mats.

23.     Defendant, and particularly its owner Alan Tetreault ("Tetreault"), had actual notice of Plaintiff's Flower Net Mat because Defendant had been distributing Plaintiff's Flower Net Mat under the Agreement.

24.     Upon information and belief, Defendant's Infringing Mats were not designed or acquired from a third party.  On the contrary, Defendant manufactured or commissioned the manufacturing of Defendant's Infringing Mats because they were sold under the name "Alan Tetreault."

25.     Plaintiff also discovered that Tetreault, as Defendant's agent, was actively promoting third-party products over the SugarVeil® Goods in violation Section 3.2 "Marketing Practices" of the Agreement.

26.     On or about August 1, 2014, Plaintiff's counsel notified Defendant that Defendant's Infringing Mats infringed Plaintiff's copyright and trademark rights and further violated the terms of the Agreement.

27.     The parties terminated the Agreement effective October 7, 2014.

## COUNT 1: COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501 *et seq.*

28.     Plaintiff repeats, realleges and incorporates paragraphs 1–27 of this Complaint by reference.

29.     Plaintiff has complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the copyright in the Flower Net Mat has been registered with the United States Copyright Office, which registration is in full force and effect.

30.     Defendant, with actual notice of Plaintiff's right, title and interest in and to the copyrighted Flower Net Mat used, copied, reproduced, created derivative works, displayed, published, transmitted and/or distributed Plaintiff's Flower Net Mat in the form of Defendant's Infringing Mats.

31.     Defendant's sale of its Infringing Mats constitutes copyright infringement of Plaintiff's copyright in and to the Flower Net Mat, U.S. Copyright Registration No. 1-861-512,  in violation of 17 U.S.C. § 501 *et seq.*  Specifically, Defendant infringed Plaintiff's exclusive rights under the Copyright Act, including the rights to copy, make derivative works, publish and distribute the Flower Net Mat.

32. Upon information and belief, Defendant's infringing activities were intentional and willful because Defendant's Infringing Mats are identical copies of Plaintiff's Flower Net Mat.

33. Upon information and belief, Defendant's infringing activities were also intentional and willful because Defendant's Infringing Mats show the intentional removal of Plaintiff's copyright ownership notice of the Flower Net Mat.

34. Upon information and belief, Defendant or Defendant's agent made and used a copy of the mold for Plaintiff's Flower Net mat that contained Plaintiff's copyright ownership notice of the Flower Net Mat.

35. Upon information and belief, Defendant or Defendant's agent willfully and intentionally copied Plaintiff's Flower Net Mat and then removed Plaintiff's copyright ownership notice from Defendant's Infringing Mats.

36. As a result Defendant's intentional and willful conduct, Plaintiff is entitled an accounting of Defendant' profits, actual damages, attorney's fees and costs and any and all other relief authorized by law.

37. Alternatively, Plaintiff may elect statutory damages in an amount up to $30,000.00 under 17 U.S.C. § 504(c)(1), or in the case of Defendant's willful infringement, $150,000.00 per work infringed under 17 U.S.C. § 504(c)(2).

## COUNT 2: TRADEMARK COUNTERFEITING
### 15 U.S.C. § 1114

38. Plaintiff repeats, realleges and incorporates paragraphs 1–37 of this Complaint by reference.

39. Since at least as early as 2002, Plaintiff has advertised, promoted and sold its silicone mats used for creating food decorations under its SUGARVEIL® Mark.

40. During Plaintiff's period of extended use, Plaintiff has spent substantial time, money and effort developing the SUGARVEIL® Mark, which Plaintiff has used actively, continuously and prominently in interstate commerce in association with the SugarVeil® Goods marketed and sold under the SUGARVEIL® Mark.

41. By virtue of extensive sales, advertising and promotion of the SUGARVEIL® Mark, Plaintiff has acquired valuable consumer goodwill throughout the United States.

42. At all relevant times, Plaintiff has continuously, actively and prominently promoted the SUGARVEIL® Mark in the advertising and sale of the SugarVeil® Goods, including the Flower Net Mat. Accordingly, the SUGARVEIL® Mark serves to identify Plaintiff as the source of the goods that bear them.

43. Plaintiff owns the SUGARVEIL® Mark and has federal priority rights in and to the SUGARVEIL® Mark that date back to at least as early as 2002.

44. Plaintiff has used the SUGARVEIL® Mark continuously and consistently for an extended period of time to advertise, promote and display the SugarVeil® Goods, including the Flower Net Mat.

45. Plaintiff's use of the SUGARVEIL® Mark in interstate commerce has indelibly impressed on the minds of the consuming public the impression that the SUGARVEIL® Mark identifies Plaintiff as the source of the SugarVeil® Goods. Thus, the SUGARVEIL® Mark serves to identify Plaintiff as the source of the goods bearing

8

the SUGARVEIL® Mark because the relevant consumers have come to associate the SUGARVEIL® Mark with Plaintiff.

46.     Defendant adopted and began using the SUGARVEIL® Mark in connection with Defendant's Infringing Mats long after Plaintiff first began using and federally registered its SUGARVEIL® Mark.

47.     Defendant used SUGARVEIL® Mark in connection with silicone mats that are identical to those covered in the '928 Registration.  Such use constitutes a counterfeit mark under 15 U.S.C. § 1116(d).

48.     Defendant has and continues to use Plaintiff's SUGARVEIL® Mark in Defendant's website meta tags so that when an Internet user searches for "sugarveil" on Defendant's Website, users are misled and directed to Defendant's products and other third party products that complete directly with Plaintiff.

49.     Upon information and belief, Defendant has intentionally and willfully used a counterfeit of  Plaintiff's SUGARVEIL® Mark in connection with the advertising, sale, and offering for sale of Defendant's Infringing Mats for the purpose of Defendant' private financial gain, and such intentional and willful conduct by Defendant makes this an exceptional case under the Lanham Act.

50.     Defendant's use of the SUGARVEIL® Mark in connection with the advertising and selling of Defendant's Infringing Mats constitutes Defendant' use of the SUGARVEIL® Mark in commerce.

51.     Plaintiff had no control over the nature and quality of Defendant's Infringing Mats.  Any failure, neglect or default by Defendant in the Infringing Mats

reflected adversely on Plaintiff as the believed source or origin thereof, which hindered Plaintiff's effort to continue to protect its outstanding reputation in the industry and subjected Plaintiff to loss of sales of goods and loss of the considerable expenditures it has made to promote Plaintiff's Sugar Veil® Goods in association with the SUGARVEIL® Mark, all to the irreparable harm of Plaintiff.

52.     More precisely, Defendant's unauthorized use of the SUGARVEIL® Mark as set forth above is/was likely to:

     a.  Cause confusion, mistake, and deception;

     b.  Cause the public to believe that Defendant's Infringing Mats are the same as Plaintiff's Flower Net Mats, that Defendant authorized, sponsored or approved Defendant's Infringing Mats or that they were affiliated, connected or associated with or in some way related to Plaintiff; and

     c.  Result in Defendant unfairly benefiting from Plaintiff's advertising and promotion, profiting from the reputation of Plaintiff's advertising and promotion, and/or profiting from the reputation of Plaintiff and its SUGARVEIL® Mark;

all of which caused substantial and irreparable injury to the public, Plaintiff and Plaintiff's SUGARVEIL® Mark and the substantial goodwill represented thereby.

53.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 14 U.S.C. § 1114.  Such conduct entitles Plaintiff to injunctive

relief, Defendant's profits, Plaintiff's damages and the costs of the action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

54.     Because Plaintiff and Defendant were parties to the Agreement and Defendant had direct and actual knowledge of Plaintiff's Flower Net Mat, this case is exceptional under the Lanham Act and therefore Plaintiff is entitled to recovery of its attorney fees.  15 U.S.C. § 1117(a).

55.      Alternatively, at Plaintiff's election, Plaintiff may recover $200,000.00 per counterfeit mark per type of goods sold and, in the case of Defendant's willful counterfeiting, $2,000,000.00 per counterfeit mark per type of goods sold.

## COUNT 3: TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

56.     Plaintiff repeats, realleges and incorporates paragraphs 1–55 of this Complaint by reference.

57.     Defendant's use of the SUGARVEIL® Mark in connection with the advertising and selling of Defendant's Infringing Mats constitutes Defendant's use of the SUGARVEIL® Mark in commerce.

58.     Defendant's use of Plaintiff's SUGARVEIL® Mark on and/or in connection with the sale and promotion of Defendant's Infringing Mats constitutes trademark infringement.

59.     Upon information and belief, Defendant intentionally and willfully infringed Plaintiff's SUGARVEIL® Mark.

60.     Defendant has and continues to use Plaintiff's SUGARVEIL® Mark in Defendant's website meta tags so that when an Internet user searches for "sugarveil" on Defendant's Website, users are misled and directed to Defendant's products and other third party products that complete directly with Plaintiff.

61.     Defendant's unauthorized use of the SUGARVEIL® Mark as set forth above is/was likely to:

   a.  Cause confusion, mistake, and deception;

   b.  Cause the public to believe that Defendant's Infringing Mats are the same as Plaintiff's Flower Net Mats, that Defendant authorized, sponsored or approved Defendant's Infringing Mats or that they were affiliated, connected or associated with or in some way related to Plaintiff; and

   c.  Result in Defendant unfairly benefiting from Plaintiff's advertising and promotion, profiting from the reputation of Plaintiff's advertising and promotion, and/or profiting from the reputation of Plaintiff and its SUGARVEIL® Mark;

all of which caused substantial and irreparable injury to the public, Plaintiff and Plaintiff's SUGARVEIL® Mark and the substantial goodwill represented thereby.

62.     Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 14 U.S.C. § 1114. Such conduct entitles Plaintiff to injunctive relief, Defendant's profits, Plaintiff's damages and the costs of the action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

63.     Defendant's trademark infringement was willful, further entitling Plaintiff

to treble damages and because this is an exceptional case, recovery of Plaintiff's attorney

fees. 15 U.S.C. § 1117(a).

64.     Because Plaintiff and Defendant were parties to the Agreement and

Defendant had direct and actual knowledge of Plaintiff's Flower Net Mat, this case is

exceptional under the Lanham Act and therefore Plaintiff is entitled to recovery of its

attorney fees.  15 U.S.C. § 1117(a).

## COUNT 4:  FEDERAL UNFAIR COMPETITION - FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

65.     Plaintiff re-alleges and incorporates by reference the allegations of

paragraphs 1 through 64.

66.     Defendant's adoption and use of the Infringing Mark to identify

Defendant's Infringing Mats constitutes use of a copy and colorable imitation of

Plaintiff's SUGARVEIL® Mark and is/was likely to cause confusion or mistake, or to

deceive the purchasing public into believing that Defendant's Infringing Mats emanated

from Plaintiff, which is contrary to fact and damaging and detrimental to Plaintiff.

67.     Defendant's conduct, including its use of the SUGARVEIL® Mark on and

in connection with Defendant's Infringing Mats, constitutes a false designation of origin

because such use is likely to cause confusion, cause mistake or deceive others as to the

affiliation, connection or association of Defendant's Infringing Mats with Plaintiff, or as

to the origin, sponsorship, and/or approval of Defendant's Infringing Mats and

13

commercial activities by Plaintiff, and therefore constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

68.     Defendant has and continues to use Plaintiff's SUGARVEIL® Mark in Defendant's website meta tags so that when an Internet user searches for "sugarveil" on Defendant's Website, users are misled and directed to Defendant's products and other third party products that complete directly with Plaintiff.

69.     Upon information and belief, Defendant's conduct was willful and intentional with the purpose of misleading the public into believing that Defendant's Infringing Mats were in some way sponsored by, affiliated with or connected to Plaintiff's authentic Flower Net Mats advertised and sold under the SURARVEIL® Mark, which are contrary to fact and damaging and detrimental to Plaintiff.

70.     As a result of Defendant's deliberate and willful acts of unfair competition and false designation of origin, Plaintiff is entitled to damages, Defendant' profits, attorneys' fees and costs, and any and all other relief authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

71.     Defendant's unfair competition and false designation of origin was willful, further entitling Plaintiff to treble damages and because this is an exceptional case, recovery of Plaintiff's attorney fees. 15 U.S.C. § 1117(a).

72.     Because Plaintiff and Defendant were parties to the Agreement and Defendant had direct and actual knowledge of Plaintiff's Flower Net Mat, this case is exceptional under the Lanham Act and therefore Plaintiff is entitled to recovery of its attorney fees.  15 U.S.C. § 1117(a).

## COUNT 5: UNFAIR COMPETITION
### Missouri Common Law

73.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 72.

74.     Defendant's acts have created a likelihood of confusion and deception of the consuming public, causing irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

75.     Defendant's conduct constitutes unfair competition under the common law of Missouri by a deliberate course of conduct, all without authorization, license, privilege or justification.

76.     Upon information and belief, Defendant acted with full knowledge of Plaintiff's copyright in and to the Flower Net Mat and Plaintiff's rights in and use of the SUGARVEIL® Mark and without regard to the likelihood of confusion and deception of the public created by Defendant' activities.

77.     Defendant's conduct demonstrates an intentional willful and malicious intent to trade on the goodwill associated with Plaintiff to the substantial and irreparable injury of Plaintiff.

78.     As a result of Defendant's acts, Plaintiff has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to an accounting of Defendant's profits for Defendant's Infringing Mats, actual damages, punitive damages, attorney's fees and costs, and any and all other relief authorized by law.

## COUNT 6: BREACH OF CONTRACT

79. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 78.

80. Upon information and belief, during the term of the Agreement, Tetreault made public statements that were damaging to Plaintiff and that violated Section 3.2 of the Agreement. Specifically, Tetreault, as Defendant's agent, created and posted a YouTube video that showed Tetreault promoting a competitive product over and the SugarVeil® Goods, expressly citing third-party products as those Defendant recommends to its customers.

81. Tetreault's statements, made as Defendant's agent, violated Section 3.2 of the Agreement that contractually required that Defendant to "conduct business in a manner that reflects favorably at all times on the [SugarVeil® Goods] and the good name, goodwill and reputation of [Plaintiff]."

82. Defendant also violated Section 5 of the Agreement by removing, altering or otherwise modifying Plaintiff's copyright ownership notice for the Flower Net Mat.

83. Section 16 of the Agreement provides for the prevailing party to recover attorney fees, court costs and expenses, in addition to any other relief to which the prevailing party is entitled.

### Prayer for Relief

Based on the above allegations, Plaintiff demands a judgment against Defendant and prays that the Court:

1.    Enter an Order enjoining and restraining Defendant, including its officers, directors, employees, agents, successors, assigns, and all those acting for, with, by, through, or under them, from infringing the Flower Net Mat and the SUGARVEIL® Mark.

2.    Award Plaintiff, should Plaintiff so elect, an award of statutory damages of $30,000.00 for Defendant's copyright infringement pursuant to 17 U.S.C. § 504(c)(2) or alternatively, an award of statutory damages of $150,000.00 for Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

3.    Award Plaintiff, should Plaintiff so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) of up to $200,000.00 for Defendant's counterfeiting of the SUGARVEIL® Mark, or alternatively, award Plaintiff, should Plaintiff so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000.00 for Defendant's willful and intentional counterfeiting of the SUGARVEIL® Mark;

4.    Award Plaintiff Defendant's profits, Plaintiff's damages and the costs of the action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) for Defendant's trademark infringement, unfair competition and false designation of origin;

5.    Direct that Defendant account for and relinquish to Plaintiff all gains, profits, and advantages derived by through its infringement of Plaintiff's SUGARVEIL® Mark and/or Plaintiff' registered copyright;

6.    An award to Plaintiff of its costs in this action;

17

7.     Find this to be an exceptional case under the 15 U.S.C. § 1117(a) and award Plaintiff its reasonable attorney fees;

8.     Award Plaintiff such damages as Plaintiff has sustained as a consequence of the Defendant's violations of the Agreement;

9.     Award to Plaintiff such other costs and further relief as the Court may deem just and proper, including but not limited to prejudgment and post-judgment interest.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully Submitted,

Dated: July 17, 2017

s/ ***Dianne M. Smith-Misemer***
Dianne M. Smith-Misemer
Mo. State Bar No. 51487
dsmisemer@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

ATTORNEYS FOR PLAINTIFF

Case 5:17-cv-06084-BP   Document 1   Filed 07/17/17   Page 18 of 18